**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 09-1951-DD |
| John A. Norton, Jr., | Chapter 13 |
| Debtor. | **ORDER** |

      This matter is before the Court on John A. Norton, Jr.'s ("Debtor") Objection to Claim of Palmetto Citizens Federal Credit Union ("Objection"). Debtor's Objection was filed September 9, 2010. Palmetto Citizens Federal Credit Union ("Creditor") filed a Response on October 8, 2010. A hearing was held on October 18, 2010.

      Debtor filed for chapter 7 relief on March 27, 2008, case no. 08-01784-dd, and received a discharge on July 10, 2008. Debtor filed this case under chapter 13 on March 17, 2009. On April 6, 2009, Debtor filed a plan, which was confirmed on June 11, 2009. Creditor filed four proofs of claim in Debtor's current case on April 8, 2009.

      Debtor's counsel received a notice from the chapter 13 trustee on July 28, 2010 indicating that Creditor's claims needed to be addressed in Debtor's plan and that the payments would have to increase if all the proofs of claim were allowed. Debtor's counsel examined the claims and determined that two of the proofs of claim filed by Creditor were for debts discharged in Debtor's previous chapter 7 case and should not have been filed.[1] Debtor's counsel contacted Creditor to request that the two proofs of claim be withdrawn.[2] During the month of August 2010, several telephone conversations occurred between Debtor's counsel and representatives of Creditor regarding the proofs of claim.

---

[1] Creditor conceded that these claims had been previously discharged and were filed in error.
[2] Debtor's counsel testified at the hearing that she first spoke with a representative for Creditor on August 9, 2010.

Debtor's counsel received a second notice from the chapter 13 trustee on August 30, 2010. Fearing that her client's case would be subject to dismissal, Debtor's counsel again contacted Creditor about withdrawing the proofs of claim.[3] Creditor attempted to withdraw its claims on September 9, 2010, but a deficiency notice was issued by the Clerk of Court with regard to the filing because of a problem with the electronic image. Debtor's counsel filed an Objection to Creditor's claim on the same day, September 9, 2010. The two proofs of claim were finally withdrawn by Creditor's counsel on September 23, 2010. The Debtor's Objection is therefore moot; however, Debtor's counsel is requesting attorney's fees and costs from Creditor for the time she spent attempting to get the proofs of claim withdrawn and filing the Objection to Creditor's Claim.

Absent specific fee shifting statutory or contractual authority, each party to litigation bears its own attorney's fees under the "American Rule." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994) (citing *Runyon v. McCrary*, 427 U.S. 160, 185 (1976)); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257 (1975); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999); *In re Brokers, Inc.*, 396 B.R. 146, 170 (Bankr. M.D.N.C. 2008); *In re Leverette*, 118 B.R. 407, 409–10 (Bankr. D.S.C. 1990) (quoting *In re Smith*, Case No. 87-02792, C-88-0015 (Bankr. D.S.C. Aug. 4, 1988)). Debtor's counsel was unable to point to any authority, statutory or otherwise, which would allow the Court to award her attorney's fees in this matter.[4] While the Court acknowledges that Debtor's counsel has incurred some additional time and expense as a result of the filing of two proofs of claim for debt that had previously been discharged, the Court does not have discretion to award

---

[3] A representative of Creditor testified at the hearing that he mentioned to Debtor's counsel that she should contact Creditor's counsel to discuss the perceived delay in the matter. Debtor's counsel did not contact Creditor's counsel.
[4] An example of a fee shifting statute in the bankruptcy context is 11 U.S.C. § 362(k)(1).

attorney's fees in the absence of any authority for doing so.  As a result, the Court finds Debtor's counsel is not entitled to attorney's fees for her time and denies her request.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/26/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 10/27/2010